UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MONTAVIUS JEMOND GHOLSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.  2:13-CR-88; 2:17-CV-136 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | *Judge Jordan* |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Montavius Jemond Gholston ("Petitioner") filed this pro se motion to vacate, set aside, or

correct sentence under 28 U.S.C. § 2255 [Doc. 1].[1]  The United States responded in opposition

[Doc. 2], and Petitioner replied [Doc. 3].

### I.      RELEVANT BACKGROUND

On June 10, 2014, pursuant to a Rule 11(c)(1)(C) amended plea agreement,[2] Petitioner pled

guilty to possession with intent to distribute 28 grams or more of cocaine base ("crack"), in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1 of the Indictment); possession with

intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

(Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c)(1)(A) (Count 3) [Docs. 2, 26, Case No. 2:13-CR-88]. The Court accepted

---

[1] Unless otherwise noted, citations to the record refer to the underlying civil case, No. 2:17-CV-136.

[2]  A Rule 11(c)(1)(C) plea agreement allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and also "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1769 (2018) (quoting Rule 11(c)(1)(C)).  Here, Petitioner agreed to plead guilty to all three counts, and the parties agreed that a total 120-month sentence would be the appropriate disposition of the matter [Doc. 26, Case No. 2:13-CR-88].

Petitioner's guilty pleas and referred the matter to the United States Probation Office for a Presentence Investigation Report ("PSR") [Docs. 25, 29 (sealed), Case No. 2:13-CR-88].

Based on Petitioner's total offense level of 25 and his criminal history category of II, the probation officer determined that his Guideline imprisonment range was 63 to 78 months, but that the statutorily-required consecutive 60 months on the firearms count made his effective Guidelines range 123 to 138 months imprisonment [Doc. 29 at ¶61, Case No. 2:13-CR-88]. On September 18, 2014, the Court imposed on Petitioner, in accordance with his Rule 11(c)(1)(C) plea agreement, a net sentence of 120 months' imprisonment (60 months on Counts 1 and 2, to be served concurrently, and 60 months on Count 3 to be served consecutively to Counts 1 and 2) [Doc. 35, Case No. 2:13-CR-88].

Petitioner filed a notice of appeal on November 28, 2016, but the Sixth Circuit sua sponte dismissed the appeal as untimely [Docs. 40, 43, Case No. 2:13-CR-88]. On August 14, 2017, Petitioner brought this pro se motion to vacate [Doc. 1]. In its response, the United States argues that this § 2255 motion is untimely and that, for a variety of reasons, none of Petitioner's claims warrant relief [Doc. 2]. In the reply, Petitioner does not address any of the arguments offered in the government's response, but instead implies that the Court ought not consider the response because it was filed a day late, without the government's having claimed that the lateness of its response was due to excusable neglect [Doc. 3].[3] Thus, Petitioner's § 2255 motion is ripe for

---

[3] Rule 6(a)(1) of the Federal Rules of Civil Procedure directs that the day of the event that triggers a period that is stated in days is excluded from the computation of that period. *See* Rule 12, Rules Governing § 2255 Proceedings (permitting application of the Federal Rules of Civil Procedure that are not inconsistent with statutory provisions or the § 2255 Rules). Hence, the computation of the 30-day period excludes August 15, 2017 (the date of the order directing that a response be filed within thirty days) and begins on August 16, 2017. The government filed its response on the thirtieth day and, thus, its response was timely [Docs. 47, 49, Case No. 2:13-CR-88].

review. Because United States' timeliness argument, if correct, would be dispositive, the Court turns first to that argument.

## II. STATUTE OF LIMITATION

The one-year period for filing a motion to vacate commences on one of four triggering dates. 28 U.S.C. § 2255(f)(1)-(4). In the typical case, as is this case, the triggering date in the first subsection of § 2255 is the date that a conviction becomes final. *Id.* § 2255(f)(1). A conviction becomes final under subsection one of the § 2255(f) "at the conclusion of direct review," *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001) (citing *United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000)), which in many cases occurs "upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

A defendant has fourteen days from the date of judgment in which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner's judgment was entered September 18, 2014 [Doc. 35, Case No. 2:13-CR-88]. As observed earlier, the Sixth Circuit dismissed as untimely Petitioner's appeal because his notice of appeal was filed more than two years past the lapse of the 14-day period set forth in Rule 4(b)(1)(A)(i) of the Federal Rule of Appellate Procedure [Doc. 43, Case. No. 2:13-CR-88]. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed, not when an untimely appeal is dismissed." *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013) (citing *Sanchez–Castellano*, 358 F.3d at 427). Therefore, Petitioner's belated filing of a notice of appeal and the subsequent dismissal of his appeal as untimely did not extend the one-year statute of limitation for filing a motion to vacate.

Because Petitioner did not file a notice of appeal within the allotted 14-days from judgment, the one-year statute of limitation in § 2255(f)(1) expired on Friday, October 3, 2014 (Sept. 19,

2014 + fourteen days = Oct. 3, 2014). Petitioner's motion to vacate was received in the Sixth Circuit on November 28, 2016, and was forwarded to this Court for filing on that date, *see* Fed. R. App. P. 4(d) [Doc. 40-1, Case No. 2:13-CR-88]. The motion to vacate, filed on November 28, 2016, comes to the Court more than two years too late under § 2255(f)(1).

### III. EQUITABLE TOLLING

However, the one-year statute of limitation in § 2255(f) is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Holland,* 560 U.S. at 649). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *accord Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Nothing alleged by Petitioner in his pleadings, motions, and other filings suggest any basis to apply equitable tolling to save his untimely § 2255 motion. Under these circumstances, the Court concludes that Petitioner has failed to bear his burden to demonstrate that equitable tolling is warranted in his case.

### IV. CONCLUSION

Accordingly, the Court will DENY and DISMISS this motion to vacate as having been filed outside § 2255(f)'s one-year statute of limitation governing the filing of motions to vacate. The Court also will CERTIFY that any appeal from this action would not be taken in good faith, Fed. R. App. P. 24(a), and consequently will DENY Petitioner leave to proceed *in forma pauperis* on appeal. Because the § 2255 motion is being denied as untimely, the Court will not address Respondent's other arguments offered to support the denial of Petitioner's motion to vacate.

## V.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should issue.  A COA should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).  If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a reasonable jurist could not find that either that the dismissal was error or that a petitioner should be allowed to proceed further, a COA should not issue.  *Slack*, 529 at 484.

In this case, the procedural bar is plain and, thus, the Court finds that reasonable jurists could not find that its ruling on the timeliness of the motion was debatable or wrong.  Because reasonable jurists could not disagree with the Court's denial of the § 2255 motion as time-barred and could not conclude that matter is "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will DENY issuance of a COA.

**A SEPARATE ORDER WILL ENTER.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge