UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.: 2:13-CR-088 |
| | ) | |
| MONTAVIUS JEMOND GHOLSTON | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction. [Doc. 54]. The defendant asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in accordance with Amendments 782 and 788 to the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") and *Hughes v. United States*, 138 S. Ct. 1765 (2018). The prosecution has responded in opposition to the motion. [Doc. 58].

Also before the Court is the defendant's *pro se* "Petitioners Motion to Defer Restitution." [Doc. 53]. For the reasons that follow, each motion will be denied.

**I.  Background**

By judgment entered September 18, 2014, this Court imposed a below-guidelines net prison sentence of 120 months, consistent with the parties' agreed-upon Rule 11(c)(1)(C) plea agreement. [Doc. 35]. That sentence consisted of concurrent 60-month terms on Counts One and Two (cocaine base and methamphetamine offenses) and a statutorily required consecutive 60-month sentence on Count Three (possession of a firearm in furtherance of a drug trafficking crime). The defendant's advisory guideline range was 123 to 138 months, based on a total offense level of 25, a criminal history

category of II, and the mandatory consecutive 60-month sentence on Count Three. [Doc. 29, ¶ 61]. The Court nonetheless accepted the parties' Rule 11(c)(1)(C) plea agreement and imposed the mandatory minimum 120-month sentence agreed upon therein. The Court's judgment also imposed a $300.00 special assessment but did not order restitution. [Doc. 35, p. 7].

## II.      18 U.S.C. § 3582(c)(2)

Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

In *Hughes*, the Supreme Court held that a defendant may be eligible for § 3582(c)(2) relief even if he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, so long as the guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775-76. Stated differently, a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement "will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the guidelines." *Id.* at 1776.

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

2

been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the present case, a sentence reduction under § 3582(c) would not be consistent with the Sentencing Commission's applicable policy statements.

Guideline 1B1.10 is a policy statement of the Sentencing Commission. It explains in relevant part that a court shall not reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) to a term that is less than the bottom of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) (2018). The only exception is if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The United States did not file a substantial assistance motion as to this defendant.

Amendment 782 provides no relief in this case. Irrespective of whether Amendment 782 impacted his advisory guideline range on the drug counts (Counts One and Two), he still remains subject to a mandatory 60-month sentence on those counts plus a mandatory consecutive 60-month sentence on Count Three. That total—120 months—remains the effective guideline range. *See* U.S.S.G. § 5G1.2(a). Amendment 782 therefore <u>does not</u> lower the present defendant's guidelines below the sentence he has already received, and his request for sentence reduction must therefore be denied.

### III. Restitution

In his motion to defer restitution, the defendant claims that the Bureau of Prisons "is currently forcing [him] to pay restitution or suffer sanctions." He asks the Court to

3

defer and refund his restitution payments because the Bureau of Prisons "cannot enforce payment."

As clarified above, this Court's judgment <u>imposed no restitution</u>. Instead, the judgment ordered only a $300.00 special assessment as required by 18 U.S.C. § 3013. The defendant's motion to defer and refund restitution is frivolous and will be denied.

## IV. Conclusion

As provided herein, the defendant's pending motions [docs. 53, 54] are **DENIED**.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

4

Case 2:13-cr-00088-RLJ-DHI   Document 62   Filed 03/30/21   Page 4 of 4   PageID #: 222